DYK, Circuit Judge,
dissenting.
The petitioner is a retired federal employee who, prior to his retirement, failed to pay the deposit required to receive retirement credit for his active-duty military service pursuant to 5 U.S.C. § 8334(c) (2000). The petitioner contends that he is entitled to make a late payment and receive credit. The Merit Systems Protection Board (“MSPB”) assumed, and the parties appear to agree, that petitioner was entitled to notice (prior to his retirement) as to the dates of any creditable military service. The Office of Personnel Management (“OPM”) does not dispute *996 that the failure to provide such notice before the effective date of the retirement would entitle petitioner to pay the deposit late and to receive any appropriate credit.
OPM contends, and the Board agreed, that Washburn received notice of his creditable military service from contemporaneous documents. The only document relied on by the Board, OPM, and the majority that noted the fact that Washburn had creditable military service was Form 2801-1. However, on its face Form 2801-1 was dated May 20, 2003, over two weeks after Washburn’s retirement date (May 3, 2003) and almost two months after he submitted his retirement application (March 25, 2003). The Board opinion did not address this discrepancy, stating in a conclusory fashion that “[t]he appellant’s retirement application also included an OPM SF 2801-1 form,” nor does the majority address the discrepancy in the dates. On appeal we requested that OPM address this discrepancy. In response, OPM merely pointed to a checklist supposedly included in the retirement application that noted that the Form 2801-1 was attached. The clear post-retirement date of Form 2801-1 makes this checklist of dubious value, and the date on the checklist itself is illegible. In my opinion, the Board’s conclusion that Washburn had notice of his creditable military service was not supported by substantial evidence. I would vacate the Board’s decision and remand for further proceedings.